Penny L. CLAUER, Petitioner-Appellant,

v.

Wisconsin DEPARTMENT OF HEALTH & SOCIAL SER-
VICES, Respondent-Respondent.

Court of Appeals

*No. 92-1544-FT. Submitted on briefs September 2,
1992.—Decided December 3, 1992.*

(Also reported in 497 N.W.2d 738.)

For the petitioner-appellant the cause was submitted on the briefs of *Charles Kreimendahl* of *Western Wisconsin Legal Services* of Dodgeville.

For the respondent-respondent the cause was submitted on the briefs of *James E. Doyle,* attorney general, and *Donald P. Johns,* assistant attorney general.

Before Eich, C.J., Gartzke, P.J. and Sundby, J.

SUNDBY, J.   Penny Clauer appeals from an order affirming an administrative decision of the Wisconsin

Department of Health and Social Services.[1] Clauer filed a claim for medical assistance benefits as a disabled person. The department concluded that Clauer was not eligible because she was not disabled. It found that despite certain physical impairments, Clauer retained the residual functional capacity (RFC) to work at jobs requiring light physical activity.

Our review of the decision is identical to that of the trial court. *Gilbert v. Medical Examining Bd.*, 119 Wis. 2d 168, 194, 349 N.W.2d 68, 79–80 (1984). We conclude that the department failed to properly evaluate the evidence concerning Clauer's RFC. We therefore reverse the trial court's order and remand to the department for reconsideration of Clauer's claim.

At the hearing on her claim, Clauer testified that due to severe back pain, she was virtually incapacitated. She reported that she could not do housework, could not remain seated or standing for more than a few minutes, and could not lift over two pounds. She described herself as constantly in pain and preoccupied by coping with it. She also described seasonal breathing problems, which she ascribed to allergies.

Clauer's examining physician attributed her back problems to a muscle strain incurred in an industrial accident five months before she applied for medical assistance. Her records also show treatment on several occasions for asthma related breathing problems. Two physicians examined her medical records for the department and concluded that she retained the ability to frequently lift up to ten pounds, occasionally lift up to twenty pounds, sit at least six hours during an eight-hour workday and operate hand and foot controls without limitation. They also found no environmental limita-

---

[1] This is an expedited appeal under Rule 809.17, Stats.

tions on her ability to work. Apparently, however, neither physician interviewed Clauer.

■

To be eligible for medical assistance, Clauer must meet the definition of disability under the Federal Supplemental Security Income Regulations. Section 49.47(4)(a)4, Stats. A person is disabled under those regulations if unable "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months . . .." 42 U.S.C. § 1382c(a)(3)(A) (1992).

The parties agree that the federal rules and regulations for social disability determinations govern the department's medical assistance decisions. *See* 42 C.F.R. § 435.541(d)(2) (The department must determine medical assistance eligibility "[I]n accordance with the requirements for evaluating that evidence under the SSI program."). If the department has erroneously interpreted those rules and regulations, we must set aside its determination. Section 227.57, Stats.

■

Evaluating a disability claim involves a five-step process. 20 C.F.R. § 416.920. Those steps include determining: (1) whether the claimant is working; (2) whether the claimant has impairments that significantly limit his or her physical or mental ability to do basic work activities; (3) if the claimant satisfies step (2), whether the claimant's impairments meet or equal the "listed impairments," defined as those the Social Security Administration deems so severe that disability is conclusively presumed; (4) if disability is not established under step (3), whether the claimant can return to work performed in the past; and (5) if claimant cannot return to work per-

formed in the past, whether the claimant can perform other work available in the national economy in view of the claimant's RFC, age, education and experience.

■ A determination that the claimant does not have any significant impairments may end the evaluation at step (2) with a decision that the claimant is not disabled. *Bowen v. Yuckert*, 482 U.S. 137, 141 (1987). The burden is on the claimant for the first four steps of the evaluation, but shifts to the department at step (5). *Id.* at 146, n.5. If the evidence allows a conclusion that the claimant retains an RFC to perform, at a minimum, a full range of sedentary work, the department may rely on the Social Security Administration's medical and vocational guidelines (the grid) to determine that work in the national economy is available, given the claimant's age, education and experience.[2] 20 C.F.R. Part 404, Subpart P, Appendix 2.

In Clauer's case, the department found at step (1) that she was unemployed. At step (2), the department found that Clauer's impairments, including obesity, significantly limited her ability to work. At step (3), the department found that those impairments did not equal the listed impairments. The department then skipped step (4), implicitly deciding the issue in Clauer's favor, and determined at step (5) that she was not disabled because the grid directed that conclusion, given her RFC for light work, age, education and experience. Clauer

---

[2] The regulations divide work into sedentary, light, medium, heavy and very heavy, depending on the exertion required for the job. As an example of how the grid works, a high school graduate, age 18 to 44, who is illiterate, has no work experience, and claims an exertional disability, is nonetheless not disabled if he or she retains the ability to perform sedentary work. *See, e.g.*, 20 C.F.R. Part 404, Subpart P, Appendix 2, Table 1, Rule 201.23.

349

contends that the department improperly applied the grid to the step (5) determination and failed to otherwise satisfy its burden of proving that there were other jobs in the national economy that she could perform.

■

The department's determination at step (5) lacked the necessary evaluation of Clauer's testimony regarding her back pain. The decision to apply the grid relied solely on Clauer's medical records and evaluations, and gave no consideration to her subjective complaints of pain. However, if those complaints were true, Clauer had no capacity to work. Such evidence, even though subjective, cannot be ignored without explanation. *Rousey v. Heckler*, 771 F.2d 1065, 1070 (7th Cir. 1985). As the Social Security Administration's interpretive guidelines state:

> In evaluating a claimant's subjective complaints of pain, the adjudicator must give full consideration to all of the available evidence, medical and other, that reflects on the impairment and any attendant limitations of function.
> The RFC assessment must describe the relationship between the medically determinable impairment and the conclusions of RFC which have been derived from the evidence, and must include a discussion of why reported daily activity restrictions are or are not reasonably consistent with the medical evidence.
> In instances in which the adjudicator has observed the individual, the adjudicator is not free to accept or reject that individual's subjective complaints solely on the basis of such person observations. Rather, in all cases in which pain is alleged, the determination or decision rationale is to contain a thorough discussion and analysis of the objective medical evidence and the nonmedical evidence, including the individual's subjective complaints and the adjudicator's personal observations. The ratio-

nale is then to provide a resolution of any inconsistencies in the evidence as a whole and set forth a logical explanation of the individual's capacity to work.

Social Security Ruling 88-13 (United States Dept. of Health and Human Services; July 20, 1988). Social Security Rulings are binding on all Social Security Administration personnel, including state agency adjudicators. *McDonald v. Secretary of Health and Human Services*, 795 F.2d 1118, 1125 (1st Cir. 1986).

We therefore reverse and remand to the department for reconsideration of Clauer's claim giving due regard to all of the evidence, both objective and subjective. The decision on reconsideration should also provide an evaluation of Clauer's medical evidence and subjective complaints regarding her breathing difficulties.

*By the Court.*—Order reversed.