2004 ND 212

**Marian SUTHERLAND, Appellant**

v.

**NORTH DAKOTA DEPARTMENT OF HUMAN SERVICES and McKenzie County Social Services Board, Appellees.**

**No. 20040165.**

Supreme Court of North Dakota.

Nov. 19, 2004.

Andrea H. Smith (argued), Legal Services of North Dakota, Minot, N.D., and James Patrick Fitzsimmons (appeared), Legal Services of North Dakota, New Town, N.D., for appellant.

Jean R. Mullen (argued), Assistant Attorney General, Attorney General's Office, Bismarck, N.D., for appellees.

VANDE WALLE, Chief Justice.

[¶ 1] Marian Sutherland appealed from a judgment affirming a Department of Human Services' decision that she was not disabled for purposes of receiving Medicaid benefits. We hold the Department's disability determination must follow the Social Security Administration's five-step process for evaluating disability. We reverse and remand for proceedings consistent with this opinion.

## I

[¶ 2] In June 2002, after the Social Security Administration determined she did not meet the income and resource test for Supplemental Security Income and she did not have enough work credits to qualify for Social Security Disability Insurance, Sutherland applied to McKenzie County Social Services for Medicaid benefits, asserting she was disabled. An eligibility report prepared by a McKenzie County Social Services' worker identified Sutherland as a fifty-one-year-old female with degenerative arthritis, which limits her walking and sitting for long periods of time and described Sutherland as "very jaudence [sic] due to gallbladder, . . . uses crutch because feet a[re] deformed & swollen. Sat uneasily during interview due to pain." The eligibility report indicated that Sutherland described her complaints as "constant pain, deformed arthritic feet & back." According to Sutherland, she suffers from a combination of medical impairments, including "degenerative joint disease (with destruction of metatarsal bones in both feet), severe destruction of knee joints, severe osteoarthritis of the right knee, degenerative disc disease, lumbosacral arthritis, peripheral neuropathy (sensory and motor), bilateral foot deformities, macrocytic anemia, spondyloarthropathy, a positive rheumatoid factor and chronic pain."

[¶ 3] Because the Social Security Administration was not required to make a disability determination in denying Sutherland's request for Supplemental Security Income or Social Security Disability Insurance, a State Review Team reviewed her claim to determine if she was disabled for purposes of eligibility for Medicaid benefits. *See* N.D. Admin. Code § 75–02–02.1–14(1). The State Review Team's report concluded Sutherland's medical information did not support her request for disability benefits. Relying on the State Review Team's report, McKenzie County

Social Services concluded Sutherland did not meet "Social Security disability criteria," and denied her application for Medicaid benefits "based on 42 C.F.R. 435.541 and NDAC 75–02.02.1–14."

[¶ 4] Sutherland appealed to the Department, and after an administrative hearing, an administrative law judge recommended that Sutherland be found disabled for purposes of eligibility for Medicaid benefits. The administrative law judge said "[t]he medical evidence establishes that Ms. Sutherland suffers from severe impairments, degenerative osteoarthritis and peripheral neuropathy, and chronic pain which ranges from moderate to severe and limits her daily activities of living. Considering the applicable rules and federal regulations, Ms. Sutherland has shown, by a preponderance of the evidence presented at the hearing, that she is disabled for purposes of eligibility to receive Medicaid benefits."

[¶ 5] The Department rejected the administrative law judge's recommendation, stating "there is no requirement that the Department follow the procedures that the SSA is bound to follow in making disability determinations under the Medicaid provision at 42 C.F.R. § 435.541." The Department concluded Sutherland failed to prove she was disabled

such that she is unable to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months. Sutherland failed to prove that she has a severe impairment, which makes her unable to do her previous work, or any other substantial gainful activity which exists in the national economy. To the contrary, the evidence provided to the

Department by two specialists who examined Sutherland indicates that she is capable of engaging in light to sedentary work.

The Department affirmed the McKenzie County Social Services' decision denying Sutherland Medicaid benefits, and the district court affirmed the Department's decision.

## II

[¶ 6] Although a district court's analysis of an appeal from a decision by an administrative agency is entitled to respect if the court's reasoning is sound, when an administrative agency's decision is appealed from the district court to this Court, we review the agency's decision and the record compiled before the agency rather than the district court's decision and findings. *Gross v. North Dakota Dep't of Human Servs.*, 2004 ND 24, ¶ 6, 673 N.W.2d 910. Under N.D.C.C. §§ 28–32–46 and 28–32–49, we affirm an agency's decision if its findings of fact sufficiently address the evidence and are supported by a preponderance of the evidence, its conclusions of law and order are supported by its findings of fact, its decision is supported by its conclusions of law, its decision is in accordance with the law and does not violate the claimant's constitutional rights, its rules or procedures have not deprived the claimant of a fair hearing, its conclusions of law and order sufficiently explain its rationale for not adopting a contrary recommendation by an administrative law judge, and the provisions of N.D.C.C. ch. 28–32 have been complied with in proceedings before the agency. In reviewing an agency's findings of fact, we do not make independent findings of fact or substitute our judgment for that of the agency. *Gross*, at ¶ 6. Rather, we determine only whether a reasoning mind reasonably could have determined the agency's factual conclusions were supported by the weight of the evidence from the entire record. *Id.* An agency's decision on a question of law is fully reviewable by this Court. *Wahl v. Morton County Soc. Servs.*, 1998 ND 48, ¶ 4, 574 N.W.2d 859.

## III

[¶ 7] Sutherland argues the Department must follow the Social Security Administration's procedures for determining disability. She argues North Dakota law requires the Department to use the Social Security Administration's definition of "disability," which she claims can only be realized by following the five-step procedure the Social Security Administration has established to determine if an individual meets the definition of disabled. She argues if her medical records had been evaluated under the appropriate federal regulations, those regulations would have required the Department to find her disabled. The Department concedes it stated it did not have to follow the five-step process for evaluating disability under the Social Security Administration rules, but the Department claims its review nevertheless complied with those requirements and it did collect the type of information and evaluate the information as required under the Social Security Administration rules. The Department argues, because it found Sutherland's impairments were not severe, it was not required to further evaluate Sutherland's eligibility for benefits.

[¶ 8] North Dakota participates in, and has designated the Department to implement, the Medicaid program, which is a cooperative federal-state program designed to provide medical care to needy persons. *Opp v. Ward County Soc. Servs. Board*, 2002 ND 45, ¶ 9, 640 N.W.2d 704. Under N.D.C.C. § 50–24.1–04, the Department has adopted rules for determining Medicaid eligibility. *See* N.D. Admin. Code ch. 75–02–02.1. Under N.D. Admin.

Code § 75–02–02.1–01(9), " '[d]isabled' has the same meaning as the term has when used by the social security administration in determining disability for title II [Federal Old Age, Survivors, and Disability Insurance Benefits] or XVI [Supplemental Security Income] of the Act."

[¶ 9] Both Title II and Title XVI of the Social Security Act define "disability" as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C.S. § 423(d)(1)(A). *See also* 42 U.S.C.S. § 1382c(a)(3)(A); 20 C.F.R. § 416.905(a). The Social Security Act further provides that individuals shall be determined to be under a disability only if their physical or mental impairment or impairments are of such severity that they are not only unable to do their previous work but cannot, considering their age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy, regardless of whether such work exists in the immediate area in which they live, or whether a specific job vacancy exists for them, or whether they would be hired if they applied for work. *See* 42 U.S.C.S. § 423(d)(2)(A); 42 U.S.C.S. § 1382c(a)(3)(B).

[¶ 10] Federal regulations implement a five-step sequential process for evaluating a claim for disability benefits. *Bowen v. Yuckert,* 482 U.S. 137, 140, 107 S.Ct. 2287, 96 L.Ed.2d 119 (1987). In *Bowen,* at 140–42, 107 S.Ct. 2287, the United States Supreme Court explained the five-step process:

Step one determines whether the claimant is engaged in "substantial gainful activity." If he is, disability benefits are denied. [20 C.F.R.] §§ 404.1520(b),

416.920(b). If he is not, the decision-maker proceeds to step two, which determines whether the claimant has a medically severe impairment or combination of impairments. That determination is governed by the "severity regulation" at issue in this case. The severity regulation provides:

"If you do not have any impairment or combination of impairments which significantly limits your physical or mental ability to do basic work activities, we will find that you do not have a severe impairment and are, therefore, not disabled. We will not consider your age, education, and work experience." §§ 404.1520(c), 416.920(c).

The ability to do basic work activities is defined as "the abilities and aptitudes necessary to do most jobs." §§ 404.1521(b), 416.921(b). Such abilities and aptitudes include "[p]hysical functions such as walking, standing, sitting, lifting, pushing, pulling, reaching, carrying, or handling"; "[c]apacities for seeing, hearing, and speaking"; "[u]nderstanding, carrying out, and remembering simple instructions"; "[u]se of judgment"; "[r]esponding appropriately to supervision, co-workers, and usual work situations"; and "[d]ealing with changes in a routine work setting." *Ibid.*

If the claimant does not have a severe impairment or combination of impairments, the disability claim is denied. If the impairment is severe, the evaluation proceeds to the third step, which determines whether the impairment is equivalent to one of a number of listed impairments that the Secretary acknowledges are so severe as to preclude substantial gainful activity. §§ 404.1520(d), 416.920(d); 20 CFR pt. 404, subpt. P, App. 1 (1986). If the impairment meets or equals one of the listed impairments,

the claimant is conclusively presumed to be disabled. If the impairment is not one that is conclusively presumed to be disabling, the evaluation proceeds to the fourth step, which determines whether the impairment prevents the claimant from performing work he has performed in the past. If the claimant is able to perform his previous work, he is not disabled. §§ 404.1520(e), 416.920(e). If the claimant cannot perform this work, the fifth and final step of the process determines whether he is able to perform other work in the national economy in view of his age, education, and work experience. The claimant is entitled to disability benefits only if he is not able to perform other work. §§ 404.1520(f), 416.920(f).

[¶ 11] Under 42 C.F.R. § 435.541(d)(2), a state Medicaid agency "must make a determination of disability ... [i]n accordance with the requirements for evaluating that evidence under the SSI program specified in 20 CFR 416.901 through 416.998." The regulations specified in 42 C.F.R. § 435.541(d)(2) include 20 C.F.R. § 416.920, which implements the five-step sequential process for evaluating disability, and our law incorporates the federal definition for disability. N.D. Admin. Code § 75-02-02.1-01(9). The Department has cited no authority to support its claim that it is not required to follow the five-step sequential process for evaluating disability claims. Although we have found no cases addressing whether a state Medicaid agency is required to follow the five-step methodology, other jurisdictions generally follow that five-step process for disability claims before their respective state agencies. See Sapp v. Florida Dep't. of Children & Families, 801 So.2d 213, 214–15 (Fla.Ct.App.2001); Parker v. Wright, 262 Ill.App.3d 661, 200 Ill.Dec. 37, 635 N.E.2d 138, 141–42 (1994); Felton v. Dep't of Soc. Servs., 161 Mich.App. 690, 411 N.W.2d 829,

831 (1987); Henderson v. North Carolina Dep't. of Human Resources, 91 N.C.App. 527, 372 S.E.2d 887, 890–91 (1988); Clauer v. Wisconsin Dep't. of Health & Soc. Servs., 174 Wis.2d 344, 497 N.W.2d 738, 739 (App.1992). Our law incorporates the federal definition of disability, see N.D. Admin. Code § 75–02–02.1–01(9), and the plain language of 42 C.F.R. § 435.541(d)(2) requires the Department to "make a determination of disability ... [i]n accordance with the requirements for evaluating that evidence under the SSI program specified in 20 CFR 416.901 through 416.998," which includes the Social Security Administration's five-step sequential process for evaluating disability claims. We conclude that plain language requires the Department to follow the five-step sequential process for determining disability.

[¶ 12] The Department nevertheless asserts it complied with the five-step process in finding Sutherland's impairments were not severe. We decline to sustain the Department's result when the required methodology for evaluating a disability claim was not followed. Moreover, in Bowen, 482 U.S. at 154 n. 12, 107 S.Ct. 2287, the Supreme Court recognized the Secretary of the Social Security Administration had issued a ruling that suggested the severity requirement may involve no more than a minimal effect on a claimant's physical ability to perform basic work activities. See also Bowen, 482 U.S. at 158–59, 107 S.Ct. 2287 (O'Connor, J., concurring). Other federal courts generally have recognized the severity requirement is a minimal threshold, and an impairment is not severe only if the impairment is so slight and its effect so minimal that it would clearly not be expected to interfere with the claimant's ability to work, regardless of age, education, or work experience. McDaniel v. Bowen, 800 F.2d 1026, 1031 (11th Cir.1986). The requirement to fol-

low the five-step process is not merely formalistic. Rather, it affects not only the Department's evaluation but our ability to review that evaluation on appeal as well.

[¶ 13] We conclude the Department's disability determination is not in accordance with the law. We reverse the judgment and remand to the Department with instructions that Sutherland's claim be returned to the State Review Team for consideration under the appropriate procedure for evaluating disability claims consistent with this opinion.

[¶ 14] CAROL RONNING KAPSNER, MARY MUEHLEN MARING, WILLIAM A. NEUMANN and DALE V. SANDSTROM, JJ., concur.