In the Matter of the ANNEXATION OF A PART OF UNITY PUBLIC SCHOOL DISTRICT NO. 80 OF NELSON AND GRAND FORKS COUNTIES (Now a part of the Dakota Prairie School District) TO the LARIMORE PUBLIC SCHOOL DISTRICT NO. 44 OF GRAND FORKS AND NELSON COUNTIES.

Carlton AAFEDT and Joan Aafedt, Roscoe Kelly, Henry Paulson, Beverly Paulson, Art Neumann and Gerald Meyer, Petitioners and Appellees,

v.

N.D. STATE BOARD OF PUBLIC SCHOOL EDUCATION, Appellant,

and

Unity Public School District No. 80, now a part of Dakota Prairie School District, Respondent.

Civ. No. 950102.

Supreme Court of North Dakota.

Nov. 30, 1995.

William J. Brudvik (argued), of Ohnstad Twichell, Mayville, for petitioners and appellees.

Douglas Alan Bahr (argued), Assistant Attorney General, Bismarck, for appellant. Appearance by Leah Ann Schneider, Assistant Attorney General.

Pearce & Durick, Bismarck, Amicus Curiae Dakota Prairie School District.

LEVINE, Justice.

The State Board of Public School Education appeals from a March 13, 1995, district court judgment reversing the State Board's November 22, 1993, denial of a petition to annex land in Unity Public School District No. 80 to Larimore Public School District No. 44. We reverse and remand for entry of judgment affirming the State Board's decision.

On July 1, 1990, the Aneta, Crary, Lakota, McVille, Michigan, Tolna, and Unity school districts formed a consortium to plan and implement the restructuring of school district boundaries. *Hodek v. Greater Nelson County Consortium,* 520 N.W.2d 825 (N.D.1994). On November 10, 1992, an election was held "to decide if the seven school districts should 'form a new school district, with a general fund levy of 174.83 mills.' " *Id.* at 826. "Voters in the Crary and Lakota school districts rejected the proposal, thus removing them from the consortium." *Id.* In December 1992, an interim district board adopted a revised restructuring plan proposing "the merger of the Aneta, McVille, Michigan, Tolna, and Unity school districts into a single school district—Dakota Prairie School District No. 1—on July 1, 1993," with a maximum general fund mill levy of 188 mills. *Id.*

A declaratory judgment action was brought to prevent implementation of the 188–mill levy without a re-vote. On appeal from a judgment of dismissal, this court concluded Dakota Prairie School District No. 1 came into existence on July 1, 1993, no additional vote was necessary, and the proposed general fund maximum mill levy exceeded

the statutory limit. *Hodek v. Greater Nelson County Consortium, supra,* 520 N.W.2d at 828. On remand, the district court ruled that the proper mill levy limit for Dakota Prairie's first year of operations was 174.83 mills. *Hodek v. Greater Nelson County Consortium,* 531 N.W.2d 280 (N.D.1995). On appeal, this court held that Dakota Prairie's first year mill levy limit was 185.4 mills. *Id.*

In April 1993, a petition was filed to annex 67 sections of land from the Unity School District to the Larimore School District. A hearing on the annexation petition was held on May 6, 1993. Both the Nelson County Reorganization Committee and the Grand Forks County Reorganization Committee denied the petition because the amount of land to be annexed was excessive. The district court[1] determined that the deliberation portion of the county reorganization committees' hearing violated the Open Meeting Law.[2] The court directed the county reorganization committees to hold another meeting, for the limited purpose of "reconsidering and voting upon the petition in light of the public comment received thereon during the May 6, 1993 meeting."

The county reorganization committees met again on August 13, 1993. The Grand Forks County Reorganization Committee approved the annexation petition. The Nelson County Reorganization Committee again denied the annexation petition because it involved too much land. Because the annexation petition was approved by one county committee, the matter was submitted to the State Board. *In re Annexation of Part of Donnybrook Pub. Sch. Dist. No. 24,* 365 N.W.2d 514 (N.D. 1985). After a hearing, the State Board denied the annexation petition. The district court reversed the State Board's decision and the State Board appealed.

■ In an appeal from a district court judgment on an appeal from an administrative agency decision, we review the agency decision, and not that of the district court; we limit our review to the record before the agency, without considering the district court's findings; and the interpretation of a statute is a question of law which is fully

reviewable. *Koch Oil Co. v. Hanson,* 536 N.W.2d 702 (N.D.1995). The only issues in this appeal involve the interpretation of statutes. The annexation petitioners contend the interim board of the consortium did not develop an annexation process, as required by statute, they were entitled to annex at any time, and the State Board improperly considered the amount of land petitioned to be annexed to the Larimore School District.

■ The annexation petitioners contend that the interim board of the consortium did not develop an annexation process, as required by § 15–27.6–04(4), N.D.C.C., which directs the interim district board of a consortium of school districts planning the restructuring of school district boundaries to "[d]evelop a process for school districts or parts of school districts to ... withdraw from the projected restructured school district by annexing to another school district." The Greater Nelson County Consortium interim district board included in its restructuring proposal an annexation policy stating its "intention ... to facilitate annexations into or out of the proposed reorganized district when the reorganization vote is complete and new district lines are known." The interim board's annexation policy advised those eligible to annex out to express their "intention to do so" on "Intent to Annex" forms, which "will be processed ... as soon as possible after the election results are known." That policy complied with § 15–27.6–04(4), N.D.C.C. As we have already noted, the November 10, 1992, election resulted in the removal of the Crary and Lakota school districts from the consortium, and Dakota Prairie School District No. 1, comprised of the other five consortium member districts, came into existence on July 1, 1993.

■ The annexation petitioners contend that their petition should have been approved because they were entitled to annex at any time. While participating in a reorganization consortium, "[a]ny school district or part of a school district within the consortium may annex to another school district at any time."

1. The Honorable Lawrence E. Jahnke.

2. Section 44–04–19, N.D.C.C., *et seq.*

Section 15–27.6–07, N.D.C.C. The State Board concluded:

"The language in N.D.C.C. § 15–27.6–07 authorizing '[a]ny school district or part of a school district within the consortium ... [to] annex to another school district at any time,' does not require the State Board to approve all annexations out of consortia. The State Board must decide whether to approve an annexation based on its consideration of any of the factors listed in subdivisions a through o of subsection 3 of N.D.C.C. § 15–27.2–04 with respect to which testimony or documentary evidence was provided at the hearing."

Examination of the minutes of the House and Senate Education and Appropriations committees, and of the testimony submitted to those committees in considering Senate Bill 2034 (S.L.1991, ch. 170), discloses that the Legislature was greatly concerned with such things as the amount of money being appropriated as incentives for school district reorganization and encouraging school districts to reorganize, but did not discuss what it meant by allowing school districts or parts of districts within a consortium to annex to another school district "at any time." We are satisfied, however, that the Legislature did not intend to require that the State Board automatically grant a petition to annex out of a consortium. Instead, we conclude that a district or part of a district in a consortium may annex to another district "at any time" it secures the approval of the State Board, because § 15–27.2–04(5), N.D.C.C., requires that "*[a]ll* proposed annexations must be given final approval by the state board." (Emphasis added.) There are no exceptions for annexations involving land in a school district participating in a consortium. In deciding whether or not to approve a proposed annexation out of a consortium, § 15–27.2–04(5), N.D.C.C., requires the State Board to consider the factors listed in § 15–27.2–04(3), N.D.C.C.[3]

3. Attorney General Nicholas J. Spaeth had previously announced a similar opinion in a May 19, 1992, letter to Senator Wogsland:

"The procedures and requirements of residents or qualified electors who want to annex out of a school district that is involved in a consor-

The annexation petitioners contend that in denying the annexation petition, the State Board improperly considered the amount of land petitioned to be annexed to the Larimore School District. Section 15–27.2–04(3), N.D.C.C., says that at an annexation hearing, the county committee "shall consider testimony and documentary evidence with respect to any of" fifteen (*a* through *o* ) factors, including such things as the value of school property and indebtedness, taxable valuation, number of pupils, location and condition of roads and school buildings, future use of school buildings and playgrounds, and disparities in per-pupil valuations. Section 15–27.2–04(5), N.D.C.C., provides that the State Board shall consider evidence "with respect to any of the factors listed in subsection 3" and "shall make specific findings with reference to every one of those factors to which testimony or documentary evidence was directed."

The State Board made specific findings on nearly every matter listed in factors *a* through *n* of § 15–27.2–04(3), N.D.C.C. The State Board also made findings of fact with regard to factor *o*, which authorizes consideration of "[a]ny other relevant factors which, in the judgment of the committee, are of importance." Section 15–27.2–04(3)(*o*), N.D.C.C. Under factor *o*, the State Board found:

"O. The following are other factors which the Board finds relevant in making its decision:

\* \* \* \* \* \*

"2. The current per-pupil valuation in the Dakota Prairie School District, of which the Unity School District is now a part, is $12,806. Given the fact that the taxable valuation of the petitioned land area is $591,489 and there are 27

tium are no different than the procedures and requirements for any other annexation. In other words, for all annexations, the procedures and requirements of N.D.C.C. ch. 15–27.2 must be followed."

children, ages 6–17, in the petitioned land area, the taxable valuation per-pupil in the petitioned land area is $21,907. The $21,907 taxable valuation per-pupil that would follow the students in the petitioned land area if this annexation is approved is disproportionately high, considering that the taxable valuation per-pupil in the entire Dakota Prairie School District is $12,806.

"3. Of the 27 children, ages 6–17, in the petitioned land area, ... a total of 18 children ... are attending or want to attend school in Larimore.

\*   \*   \*   \*   \*   \*

"Considering the fact that there are approximately 18 children, ages 6–17, in the petitioned land area who want to attend school in the Larimore School District and that the taxable valuation of the petitioned land area is $591,489, the taxable valuation per-pupil that would follow the students wanting to go to Larimore is $32,861. This $32,861 taxable valuation per-pupil for those students wanting to attend school in Larimore is disproportionately high, considering that the taxable valuation per-pupil in the entire Dakota Prairie School District is $12,806."

Thus, the State Board found that, with 27 children, ages 6–17, in the petitioned land area, which has a taxable valuation of $591,489, the $21,907 per-pupil taxable valuation "that would follow the students in the petitioned land area if this annexation is approved is disproportionately high, considering that the taxable valuation per-pupil in the entire Dakota Prairie School District is $12,806." The State Board also found that, with 18 children, ages 6–17, in the petitioned land area wanting to go to school in the Larimore district, the per-pupil taxable valuation "that would follow the students wanting to go to Larimore is $32,861," which "is disproportionately high, considering that the taxable valuation per-pupil in the entire Dakota Prairie School District is $12,806."

Per-pupil taxable valuation depends upon the amount of land. In essence, the State Board found that the annexation petition sought to take too much land out of Dakota Prairie School District and annex it to the Larimore school district. We disagree with the annexation petitioners' contention that § 15–27.2–04(3), (5), N.D.C.C., do not allow the county committees or the State Board to consider the amount of land involved in an annexation petition. Section 15–27.2–04(3)(*o*), N.D.C.C., authorizes consideration of "other relevant factors." That catch-all category is sufficiently broad to encompass the amount of land involved. *In re Annexation of Part of Donnybrook Pub. Sch. Dist. No. 24*, 365 N.W.2d 514, 524 (N.D.1985). We conclude that the State Board was authorized to consider the amount of land involved in the annexation petition.

The district court judgment is reversed and the matter is remanded for entry of a judgment affirming the State Board's decision denying the annexation petition.

VANDE WALLE, C.J., and NEUMANN, SANDSTROM and MESCHKE, JJ., concur.

VANDE WALLE, Chief Justice, concurring specially.

I presume annexation of land to a school district is for a fairly lengthy duration. The number of students age 6 to 17, and thus the valuation per student, can fluctuate greatly from year-to-year as students graduate from high school and students enter school for the first time. The number of students will also be affected by students moving into or out of a school district. Thus the valuation per student is valid only at one specific time. It may be substantially altered in a shorter period of time than the annexation is expected to endure. Nevertheless, great weight is placed on the valuation-per-student factor as a reason for denying the annexation petition. It seems to me that projections for such a factor for a period of years beyond the imme-

diate time of the annexation hearing might be more revealing and a better basis for a decision particularly where, as here, it is apparently the primary basis for denying the annexation.

Nevertheless, I agree it is a factor the State Board of Public School Education may consider. That Board, not the Court, is given authority to determine and decide what factors are relevant and important.

I concur in the majority opinion.