2002 ND 127

NEW TOWN PUBLIC SCHOOL DISTRICT NO. 1, Plaintiff and Appellant,

v.

THE STATE BOARD OF PUBLIC SCHOOL EDUCATION OF THE STATE OF NORTH DAKOTA, Defendant and Appellee.

No. 20020071.

Supreme Court of North Dakota.

Aug. 15, 2002.

Gary R. Thune, Pearce & Durick, Bismarck, for plaintiff and appellant.

Douglas A. Bahr, Solicitor General, Attorney General's Office, Bismarck, for defendant and appellee.

MARING, Justice.

[¶ 1] New Town Public School District No. 1 ("New Town") appealed from a judgment affirming an order by the State Board of Public School Education ("State Board") granting a February 2001 petition to annex land from New Town to Stanley Public School District No. 2 ("Stanley"). We conclude the State Board's findings of fact are supported by a preponderance of the evidence, its conclusions of law are supported by the findings of fact, and its decision is in accordance with the law. We affirm.

I

[¶ 2] On August 9, 2000, the State Board denied a petition, to annex 18.62 sections of land with four school-age children from New Town to Stanley, finding:

the petition for annexation should be denied for the following reason which weighed most importantly to the Board:

1. The taxable valuation per-student of the petitioned property is too high. The petitioned property would provide

$18,103 in taxable valuation for the 4 students, 2 of which are age 17. This amount of per-student taxable valuation is high, considering the current per-student taxable valuations of the New Town and Stanley School Districts are $2,714 and $13,924, respectively.

[¶ 3] In February 2001, a second petition was filed to annex 10.95 sections of land with two school-age children from New Town to Stanley. The 10.95 sections of land and two school-age children involved in the February 2001 petition had been part of the previous petition to annex 18.62 sections of land with four school-age children from New Town to Stanley. The Mountrail County School Reorganization Committee denied the February 2001 annexation petition, stating:

the education of the two students listed in the petition will not be affected as they are already enrolled in the Stanley School and busing has no affect, the per student valuation of $22,295 is too high, and the acres of land being taken for the Meiers' residence to be contiguous with the Stanley School District is far too great.

[¶ 4] The denial of the February 2001 annexation petition was appealed to the State Board. After a hearing, the State Board approved the February 2001 petition, finding that, although the taxable valuation per student for the second petition was $22,295, the $44,589 taxable valuation of the 10.95 sections of petitioned land was less than the $72,412 taxable valuation of the 18.62 sections of land in the first petition. The State Board concluded the taxable valuation for the land in the second petition was reasonable even though the per student taxable valuation was greater, because the second petition's total financial impact on New Town was less than the first petition. The district court affirmed the State Board's decision.

II

[¶ 5] The State Board is an administrative agency. *Dunseith Pub. Sch. Dist. v. State Bd. of Pub. Sch. Educ.*, 401 N.W.2d 704, 706 (N.D.1987). *See* N.D.C.C. § 28–32–01(1). When an administrative agency decision is appealed from the district court to this Court, we review the agency's decision and the record compiled before the agency, rather than the decision and findings of the district court. *Eckes v. Richland County Soc. Services*, 2001 ND 16, ¶ 6, 621 N.W.2d 851. Our review of an agency decision is governed by N.D.C.C. § 28–32–46, which requires us to affirm the agency unless:

1. The order is not in accordance with the law.

2. The order is in violation of the constitutional rights of the appellant.

3. The provisions of this chapter have not been complied with in the proceedings before the agency.

4. The rules or procedure of the agency have not afforded the appellant a fair hearing.

5. The findings of fact made by the agency are not supported by a preponderance of the evidence.

6. The conclusions of law and order of the agency are not supported by its findings of fact.

7. The findings of fact made by the agency do not sufficiently address the evidence presented to the agency by the appellant.

8. The conclusions of law and order of the agency do not sufficiently explain the agency's rationale for not adopting any contrary recommendations by a hearing officer or an administrative law judge.

In reviewing an agency's findings of fact, we exercise restraint and do not make independent findings of fact or substitute our judgment for that of the agency; rather, we determine only whether a reasoning mind could have reasonably determined the agency's factual conclusions were supported by the weight of the evidence from the entire record. *Schmidt v. Ward County Soc. Services Bd.*, 2001 ND 169, ¶ 5, 634 N.W.2d 506.

### III

[¶ 6] Under N.D.C.C. § 15.1–12–05(4), the State Board must consider the following factors in deciding annexation petitions:

a. The value and amount of property held by each affected school district;

b. The amount of all outstanding bonded and other indebtedness of each affected district;

c. The levies for bonded indebtedness to which the property will be subjected or from which the property will be exempted, as provided for in section 15.1–12–08;

d. The taxable valuation of each affected district and the taxable valuation under the proposed annexation;

e. The size, geographical features, and boundaries of each affected district;

f. The number of students in each affected district;

g. The general population of each affected district;

h. Each school in the district, including its name, location, condition, the grade levels it offers, and the distance that students living in the petitioned area would have to travel to attend school;

i. The location and condition of roads, highways, and natural barriers in each affected district;

j. Conditions affecting the welfare of students residing on the property to be annexed;

k. The boundaries of other governmental entities;

l. The educational needs of communities in each affected district;

m. Potential savings in school district transportation and administrative services;

n. The potential for a reduction in per student valuation disparity between the affected districts;

o. The potential to equalize or increase the educational opportunities for students in each affected district; and

p. All other relevant factors.

[¶ 7] When the State Board receives testimony and documentary evidence concerning the factors listed in N.D.C.C. § 15.1–12–05(4), it "must consider and 'make specific findings with reference to every one of those factors to which testimony or documentary evidence was directed.'" *Dunseith Pub. Sch. Dist.*, 401 N.W.2d at 708 (remanding for specific findings regarding statutory requirements). *See also Dunseith Pub. Sch. Dist. v. State Bd. of Pub. Sch. Educ.*, 437 N.W.2d 825, 830 (N.D.1989) (appeal after remand).

### A

[¶ 8] We initially consider New Town's argument the State Board violated New Town's constitutional right to due process and a fair hearing and acted arbitrarily and capriciously by granting an annexation petition involving fewer students and less land with a greater per student taxable valuation than the petition denied by the State Board less than ten months earlier.

[¶ 9] Under N.D.C.C. § 15.1–12–05(9), if the State Board denies an annexation peti-

tion, another petition involving any of the same property may not be submitted to the appropriate county committee for a three-month period after the State Board's denial, and a petition involving any of the property in a previous petition may not be considered by the State Board more than twice in a twelve-month period. Here, the February 2001 annexation petition complied with the time requirements of N.D.C.C. § 15.1–12–05(9).

■ [¶ 10] Moreover, other courts have recognized an administrative agency may reexamine a prior decision, and the agency may depart from a prior decision if it distinguishes, or rationally explains its departure. *See Matter of Charles A. Field Delivery Serv., Inc.*, 66 N.Y.2d 516, 498 N.Y.S.2d · 111, 488 N.E.2d 1223, 1226 (1985); *Melvindale–Northern Allen Park Fed'n of Teachers v. Melvindale–Northern Allen Park Pub. Sch.*, 216 Mich.App. 31, 549 N.W.2d 6, 10 (1996). *See generally* Richard J. Pierce, Jr., *Administrative Law Treatise* § 11.5 (4th ed.2002). This Court has recognized an analogous principle regarding an agency's interpretation of a statute. *See Amerada Hess Corp. v. Conrad*, 410 N.W.2d 124, 129 n. 5 (N.D. 1987) (stating agency need not use rulemaking process to correct erroneous interpretation of statute). Under those authorities and N.D.C.C. § 15.1–12–05(9), to the extent New Town argues the State Board is precluded from deviating from its decision in the first annexation petition, we reject that argument. Rather, we conclude the State Board may deviate from a prior decision if it rationally explains the reason for its departure.

■ [¶ 11] Here, in denying the first annexation petition, the State Board found:

P. The following are other factors which the Board finds relevant in making its decision:

1. The taxable valuation of the petitioned property is $72,412. There are 4 students, ages 6–17, who will attend school next year in the Stanley School District, who reside on the petitioned property. Thus, the petitioned property will provide $18,103 in taxable valuation for each of the 4 students ($72,412 ÷ 4). This amount of per-student taxable valuation is high, considering the current per-student taxable valuations of the New Town and Stanley School Districts are $2,714 and $13,924, respectively.

Two of the 4 students are juniors, who are age 17; thus, in the 2001–2002 school year there will be only 2 students from the petitioned property who will attend school in the Stanley School District. The petitioned property will provide $36,206 in taxable valuation for each of the remaining 2 students ($72,412 ÷ 2). This amount of per-student taxable valuation is very high, considering the current per-student taxable valuations of the New Town and Stanley School Districts are $2,714 and $13,924, respectively.

2. Approval of this annexation will result in a drop by 3% in the taxable valuation of the New Town School District, which results in a loss of about $13,000 per year; however, the need for local tax dollars is not as critical for the New Town School District since it receives a significant amount of federal funds. These federal funds are either unrestricted in-lieu-of-tax moneys (also called impact aid moneys) to be used as a school district would use tax levies, and restricted moneys which must be used for particular purposes. In the 1998–1999 school year, the New Town School District received $2,278,000 in federal revenue ($1,788,000 of which

was in-lieu-of-tax moneys and the balance was restricted moneys), and the Stanley School District received $116,920 in federal revenue. Also, in the 1998–1999 school year, the New Town School District received $550,636 in local revenue (i.e., local property taxes) and the Stanley School District received $924,901 in local revenue.

Since 1992, the New Town School District has had revenues exceed expenditures by approximately $150,000. During the 1998–1999 school year, the expenditures of the Stanley School District exceeded its revenues by $34,521.

. . . .

The State Board has determined that the petition for annexation should be denied for the following reason which weighed most importantly to the Board:

1. The taxable valuation per-student of the petitioned property is too high. The petitioned property would provide $18,103 in taxable valuation for the 4 students, 2 of which are age 17. This amount of per-student taxable valuation is high, considering the current per-student taxable valuations of the New Town and Stanley School Districts are $2,714 and $13,924, respectively.

[¶ 12] In granting the February 2001 petition, the State Board made specific findings on the applicable criteria under N.D.C.C. § 15.1–12–05(4), and further explained:

The State Board has determined . . . the petition for annexation should be approved for the following reasons which weighed most importantly to the Board:

1. Considering parts P.1, P.2, and P.3 of the preceding State Board findings, if this annexation is approved, the total financial impact on either school district is not very significant. There is no Indian land included in the petitioned land area, so the New Town School District's receipt of federal money will not be reduced. Also, if this annexation is approved, the New Town School District will lose $7,887.79 per year, which constitutes only .15% of its total revenue, and the Stanley School District will gain $9,317.32 per year, which would constitute about .37% of its total revenue.

2. Approval of this annexation will allow the petitioners to vote and run for office in the Stanley School District where their children attend school.

3. Although the State Board denied a similar annexation in the past where the per student taxable valuation of the petitioned property was less than in this annexation (see part P.13 of the preceding State Board findings), the taxable valuation of the petitioned property in this annexation ($44,589 (10.95 sections of land)) is 38.4% less than the taxable valuation of the petitioned property in the previous annexation ($72,412 (18.62 sections of land)). This amount of taxable valuation ($44,589) is reasonable even though the per student taxable valuation of the petitioned property is greater ($22,295). The amount of taxable valuation is reasonable because the total financial impact on the New Town School District is less: the New Town School District will lose only $7,887.79 per year, or .15% of its total revenue.

[¶ 13] The State Board's decision granting the second annexation petition explained that the petition involved less land and fewer students than the first petition. The State Board's decision denying the first petition stated that two of the four children residing on the petitioned proper-

ty were juniors, and after they graduated, the petitioned property would provide $36,206 in per student taxable valuation, which was "very high." The State Board's second decision explained because there was no Indian land included in the petitioned area, New Town's receipt of federal money would not be reduced. The State Board found because there was less land and fewer students involved with the second petition, "the total financial impact on either school district [was] not very significant." The State Board further explained although the per student taxable valuation was greater in the second petition, the taxable valuation of the land was less than the previous petition and was reasonable because the total financial impact on New Town was less. Those issues involve technical questions regarding school district financing, which are within the State Board's expertise. We have often said that we give appreciable deference to agency expertise if the subject matter of the agency decision is technical. *See Americana Healthcare Ctr. v. North Dakota Dep't of Human Services*, 540 N.W.2d 151, 153 (N.D.1995). That principle is applicable to the State Board's rationale for granting the February 2001 petition.

██ [¶ 14] Although New Town argues seven sections of unnecessary land with no school-age children were included in the land annexed to Stanley, the property annexed from New Town to Stanley is contiguous to Stanley. *See* N.D.C.C. §§ 15.1–12–01(2) and 15.1–12–03. Moreover, a requirement that annexations result in "logical boundaries following a uniform pattern without undue irregularities" is not part of our current annexation law. *See In re Annexation of Part of Donnybrook Pub. Sch. Dist.*, 365 N.W.2d 514, 520 (N.D.1985) (citing N.D.C.C. § 15–53.1–20(5), which precluded approval of reorganization or annexation unless there were "logical

boundaries following a uniform pattern without undue irregularities," but was repealed by 1987 N.D. Sess. Laws ch. 211, § 1, and was not enacted in N.D.C.C. ch. 15.1–12, which was adopted in 1999 N.D. Sess. Laws ch. 196, § 12 and now governs annexation, reorganization, and dissolution); *Solen Pub. Sch. Dist. v. State Bd. of Pub. Sch. Educ.*, 351 N.W.2d 435, 436 (N.D.1984) (same).

[¶ 15] To the extent New Town argues the State Board's August 9, 2000 decision is inconsistent with its decision on the February 2001 petition, we conclude the State Board rationally explained why it departed from its previous decision. The State Board's explanation is sufficient to allow us to understand the basis of its decision. *See, e.g., Tehven v. Job Serv.*, 488 N.W.2d 48, 50 (N.D.1992) (stating agency's findings are adequate if they enable appellate court to understand basis of agency's decision). To the extent New Town argues the State Board's decision is not supported by a preponderance of evidence, we exercise restraint and do not make independent findings of fact or substitute our judgment for that of the agency. Rather, under our deferential standard of review, we conclude a reasoning mind could have reasonably determined the State Board's factual determinations in the second annexation petition were supported by the weight of the evidence. We therefore conclude the State Board's decision is supported by a preponderance of the evidence. We further conclude the State Board's conclusions of law are supported by its findings of fact, and its order is in accordance with the law.

IV

██ [¶ 16] New Town argues the State Board impermissibly discriminated against it by treating it differently than other school districts because it receives federal

dollars for its Native American population and Indian lands, thereby endorsing "white flight."

[¶ 17] In deciding this annexation petition, the State Board was obligated to consider the taxable valuation of the property in New Town, *see* N.D.C.C. § 15.1–12–05(4)(d) and (k), including that "[a]bout one-half of the land in the New Town School District is non-taxable Indian land that is part of the Fort Berthold Indian Reservation." Moreover, to the extent New Town's discrimination argument raises a constitutional claim, New Town has not provided any authority, other than a passing reference to the Fourteenth Amendment, to support a constitutional argument. We have said a party making a constitutional claim must provide persuasive authority and reasoning, and that party " 'should bring up his heavy artillery or forego the attack entirely.' " *Fenske v. Fenske*, 542 N.W.2d 98, 100 (N.D.1996) (quoting *Southern Valley Grain Dealers v. Board of County Comm'rs*, 257 N.W.2d 425, 434 (N.D.1977)). New Town's conclusory assertions about discrimination are insufficient to raise a constitutional claim.

## V

[¶ 18] We conclude the State Board's findings of fact are supported by a preponderance of the evidence, its conclusions of law are supported by its findings of fact, and its decision is in accordance with the law. We therefore affirm the judgment affirming the State Board's decision.

[¶ 19] Gerald W. Vande Walle, C.J., William A. Neumann, Dale V. Sandstrom, Carol Ronning Kapsner, JJ., concur.