2016 ND 41

In the Matter of the Annexation of a Part of LEWIS & CLARK PUBLIC SCHOOL DISTRICT #161 OF WARD, Mountrail, Renville and Mc-Lean Counties to Garrison Public School District #51 of McLean and Ward Counties (Johnson, and others Petition), Plaintiffs

Dwight Johnson, & Darin Vangsness, Appellants.

v.

State Board of Public School Education of the State of North Dakota, Ward County Superintendent of Schools, Garrison Public School District #51, Lewis and Clark Public School District #161, Defendants,

State Board of Public School Education of the State of North Dakota and

·Lewis and Clark Public School District #161, Appellees.

No. 20150182.

Supreme Court of North Dakota.

Feb. 18, 2016.

Robert S. Rau, Minot, N.D., for appellants.

Rachel A. Bruner–Kaufman, Bismarck, N.D., for defendant and appellee Lewis & Clark Public School District # 161.

Douglas A. Bahr, Office of the Attorney General, Bismarck, N.D., for defendant and appellee State Board of Public School Education of the State of North Dakota.

VANDE WALLE, Chief Justice.

[¶ 1] Dwight Johnson and Darin Vangsness appealed from a judgment affirming the State Board of Public School Education's decision to deny their petition for annexation of property from one school district to another. Because the Board acted in accordance with the law, did not violate Johnson and Vangsness's constitu-

tional rights or their rights to a fair hearing, and its decision is supported by a preponderance of the evidence, we affirm the judgment.

## I

[¶ 2] Johnson and Vangsness filed a petition with the McLean and Ward county committees requesting annexation of a part of the Lewis and Clark School District # 161 of Ward, Mountrail, Renville, and McLean Counties ("Lewis and Clark") to the Garrison School District # 51 of McLean and Ward Counties ("Garrison"). The creation of Lewis and Clark in the early 2000s has been the subject of prior litigation. *See, e.g., Brandvold v. Lewis and Clark Pub. Sch. Dist. # 161,* 2011 ND 185, 803 N.W.2d 827. Johnson and Vangsness own land that was transferred to Lewis and Clark, and they sought annexation of property to Garrison. The McLean and Ward county committees approved the petition. The petition was then submitted to the State Board of Public School Education ("Board") for approval. Proponents and opponents of the petition testified and presented other evidence. Johnson, Vangsness and others, including the superintendent of Garrison, testified in favor of the annexation petition. The superintendent of Lewis and Clark and the president of its school board testified in opposition to the petition.

[¶ 3] Following the hearing, the Board unanimously voted to deny the petition. The Board's written findings of fact, conclusions of law, and order denying the petition for annexation comprise 18 pages. Johnson and Vangsness appealed to the district court, which affirmed the Board's decision.

## II

[¶ 4] Johnson and Vangsness argue the Board erred in denying their petition for annexation.

[¶ 5] The Board is an administrative agency. *See* N.D.C.C. § 28-32-01(2); *New Town Pub. Sch. Dist. No. 1 v. State Bd. of Pub. Sch. Educ.,* 2002 ND 127, ¶ 5, 650 N.W.2d 813. "Although a district court's analysis of an appeal from a decision by an administrative agency is entitled to respect if the court's reasoning is sound, when an administrative agency's decision is appealed from the district court to this Court, we review the agency's decision and the record compiled before the agency rather than the district court's decision and findings." *Sutherland v. N.D. Dep't of Human Servs.,* 2004 ND 212, ¶ 6, 689 N.W.2d 880. Under N.D.C.C. §§ 28-32-46 and 28-32-49, we must affirm the agency's decision unless:

1. The order is not in accordance with the law.

2. The order is in violation of the constitutional rights of the appellant.

3. The provisions of this chapter have not been complied with in the proceedings before the agency.

4. The rules or procedure of the agency have not afforded the appellant a fair hearing.

5. The findings of fact made by the agency are not supported by a preponderance of the evidence.

6. The conclusions of law and order of the agency are not supported by its findings of fact.

7. The findings of fact made by the agency do not sufficiently address the evidence presented to the agency by the appellant.

8. The conclusions of law and order of the agency do not sufficiently explain the agency's rationale for not adopting any contrary recommendations by a hearing officer or an administrative law judge.

"In reviewing an agency's findings of fact, we exercise restraint and do not make independent findings of fact or substitute our judgment for that of the agency; rather, we determine only whether a reasoning mind could have reasonably determined the agency's factual conclusions were supported by the weight of the evidence from the entire record." *New Town*, at ¶ 5.

### A

[¶ 6] Johnson and Vangsness argue Lewis and Clark lacks standing to object to their petition for annexation because "it is not harmed."

[¶ 7] In *The Evangelical Good Samaritan Soc. v. N.D. Dep't of Human Servs.*, 2015 ND 96, ¶ 9, 862 N.W.2d 794, we explained:

Under N.D.C.C. §§ 28–32–46(1) and 28–32–49, this Court may reverse an administrative decision if it is not in accordance with the law. To have standing, a litigant must have an interest, either in an individual or representative capacity, in the cause of action or the subject matter of the controversy. *See, e.g., Whitecalfe v. North Dakota Dep't of Transp.*, 2007 ND 32, ¶ 15, 727 N.W.2d 779; *Nodak Mut. Ins. Co. v. Ward Cnty. Farm Bureau*, 2004 ND 60, ¶ 11, 676 N.W.2d 752. Whether a party has standing to litigate an issue is a question of law which we review de novo on appeal. *See, e.g., Finstad v. Gord*, 2014 ND 72, ¶ 23, 844 N.W.2d 913; *Whitecalfe*, at ¶ 15.

[¶ 8] Johnson and Vangsness's argument is based in part on *Washburn Pub. Sch. Dist. No. 4 v. State Bd. of Pub. Sch. Educ.*, 338 N.W.2d 664 (N.D.1983). In that case, the Washburn Public School District appealed from a district court judgment dismissing its appeal from the State Board's denial of a petition for annexation of part of the Center Public School District

to the Washburn Public School District. *Id.* at 665. This Court applied the three-part test for determining whether a person has standing to appeal from a decision of an administrative agency:

"[A]ny person who is directly interested in the proceedings before an administrative agency who may be factually aggrieved by the decision of the agency, and who participates in the proceeding before such agency, is a 'party' to any proceedings for the purposes of taking an appeal from the decision."

*Id.* at 666 (quoting *Application of Bank of Rhame*, 231 N.W.2d 801, 808 (N.D.1975)). This Court agreed with the district court that "the petitioners, not the school districts, were the parties adversely affected by the State Board's denial of the annexation petition," and held "although Washburn Public School District was directly interested in the State Board's decision denying annexation of land in the Center Public School District to the Washburn Public School District, and although the Washburn Public School District participated in the administrative hearings, it is not an aggrieved party within the meaning of Section 28–32–15, N.D.C.C. [currently N.D.C.C. § 28–32–42]." *Washburn*, at 668. *Washburn* focused upon standing of a school district to appeal, not upon a school district's right to participate in annexation proceedings. Lewis and Clark has not attempted to appeal in this case.

[¶ 9] Public hearings on petitions for the annexation of property to a school district are required on both the local and state levels. *See* N.D.C.C. §§ 15.1–12–05(1) and (2) and 15.1–12–05(6)(a). Under N.D.C.C. § 15.1–12–05(4), "testimony and documentary evidence" regarding a number of factors concerning an "affected" school district must be considered at the public hearings. Lewis and Clark, its superintendent and board members, are

members of the public entitled to participate in annexation hearings to protect the district's interests. *See Washburn*, 338 N.W.2d at 668 ("a school district may be adversely affected by a decision that causes the district to lose land or to gain unwanted land"). Moreover, in their notices of appeal to the district court and to this Court, Johnson and Vangsness specifically listed Lewis and Clark as a defendant-appellee. We conclude Lewis and Clark had standing to participate at all stages of these proceedings.

**B**

 [¶ 10] Johnson and Vangsness argue they were denied a fair hearing because they were not given adequate notice to allow them to comment before the Board issued its written findings and conclusions.

[¶ 11] Johnson and Vangsness complain about "telephone proceedings" between the Board and its attorney. Here, an administrative law judge ("ALJ") was appointed to "preside only as a procedural hearing officer," and the ALJ closed the hearing after the testimony was given and turned the matter over to the Board for deliberation and decision. N.D.C.C. § 28–32–31(5). When an ALJ acts as a procedural hearing officer, the agency is required to make the findings, conclusions and order. *See* N.D.C.C. §§ 28–32–31(5) and 28–32–39(1). The record reflects that the Board deliberated, considered suggestions by its attorney, reached a consensus, announced its decision at the public hearing, and directed its attorney to draft written findings, conclusions and an order for review. At a subsequent public meeting the Board unanimously adopted the prepared findings, conclusions and order. Johnson and Vangsness contend "[t]elephonic closed proceedings" occurred between the Board and its attorney during

the interim and they should have been given notice of these "proceedings." Absent notice, according to Johnson and Vangsness, the Board's attorney was given "the right to tailor a decision in the depths of secrecy away from the sunshine of justice."

[¶ 12] As the district court noted, Johnson and Vangsness have cited no authority requiring that "the Board give the parties notice or the opportunity to comment on its proposed order after a decision has been made or before an order is issued." *Cf. Miller v. Workforce Safety and Ins.*, 2006 ND 1, ¶ 25, 707 N.W.2d 809 (inside counsel can confer with administrative decision-maker ex parte); *McDowell v. McDowell*, 2003 ND 174, ¶ 8, 670 N.W.2d 876 (when court signs findings prepared by counsel, they become findings of the court). We conclude this argument is without merit.

**C**

[¶ 13] Johnson and Vangsness contend the Board's ruling is "erroneous as being arbitrary and capricious" because "it is based upon other than state law, relies upon impermissible delegated authority, ad hoc and inconsistent policy, and or repealed law, and or ... is based upon factors not set forth by law."

 [¶ 14] In deciding annexation petitions, the Board "must consider" the 15 factors listed under N.D.C.C. § 15.1–12–05(4). *New Town*, 2002 ND 127, ¶ 6, 650 N.W.2d 813. "When the State Board receives testimony and documentary evidence concerning the factors listed in N.D.C.C. § 15.1–12–05(4), it 'must consider and "make specific findings with reference to every one of those factors to which testimony or documentary evidence was directed." '" *New Town*, at ¶ 7 (quoting *Dunseith Pub. Sch. Dist. No. 1 v. State*

*Bd. of Pub. Sch. Educ.,* 401 N.W.2d 704, 708 (N.D.1987)).

[¶ 15] The Board made the required findings here, including 17 findings on "[a]ll other relevant factors," the catch-all provision under N.D.C.C. § 15.1–12–05(4)(*o* ). The Board explained:

The State Board has determined that the petition for annexation should be denied for the following reason which weighed most importantly to the Board:

The taxable valuation per student of the petitioned property is excessive, as shown by the following:

a. The taxable valuation of the petitioned property is $1,596,667, and there are 16 school-aged (ages 4–17) students living on the petitioned property. Thus, the taxable valuation per student of the petitioned property is $99,791.69 ($1,596,667 ÷ 16 = $99,791.69).

b. In comparison, the taxable valuation per student in the Lewis & Clark School District is $52,550.87 ($21,125,449 (taxable valuation) ÷ 402 (students) = $52,550.87), and the taxable valuation per student in the Garrison School District is $37,668.76 ($15,067,505 (taxable valuation) ÷ 400 (students) = $37,668.76).

c. The $99,791.69 taxable valuation per student of the petitioned property is about 1.9 times higher than the $52,550.87 taxable valuation per student of the Lewis & Clark School District, and is more than 2.6 times higher than the $37,668.76 taxable valuation per student of the Garrison School District.

d. The petitioned property unnecessarily includes a substantial amount of land (i.e., taxable valuation) where students do not reside.

[¶ 16] Johnson and Vangsness complain about the Board's finding that "[t]he petitioned property unnecessarily includes a substantial amount of land (i.e., taxable valuation) where students do not reside." They argue that the Board's consideration of *"too much land"* is "not legislatively authorized" and is "an ad hoc policy that is applied in a discriminatory non standard fashion." But in 1995, this Court held that the catch-all provision of "other relevant factors" under N.D.C.C. § 15–27.2–04(3)(*o* ), the predecessor provision to N.D.C.C. § 15.1–12–05(4)(*o* ), "is sufficiently broad to encompass [consideration of] the amount of land involved." *Aafedt v. N.D. State Bd. of Pub. Sch. Educ.,* 540 N.W.2d 393, 397 (N.D.1995). Johnson and Vangsness contend that N.D.C.C. § 15–27.2–04(3)(*o* ), relied upon in *Aafedt,* has since been repealed. While their contention is true, this part of the law was carried over into the new law relating to elementary and secondary education under N.D.C.C. tit. 15.1 and appears verbatim in N.D.C.C. § 15.1–12–05(4)(*o* ). *See* 1999 N.D. Sess. Laws ch. 196, § 12. Johnson and Vangsness have not demonstrated that the Board has applied this factor in an "ad hoc" or "discriminatory" fashion. We conclude the Board did not err in considering the amount of land involved in the annexation petition.

[¶ 17] Johnson and Vangsness also argue the catch-all provision in N.D.C.C. § 15.1–12–05(4)(*o* ) allowing consideration of "[a]ll other relevant factors" is unconstitutionally vague and amounts to an unconstitutional delegation of legislative authority to the Board. It is unclear from Johnson and Vangsness's rambling specifications of error whether these issues have been preserved for review. *See Johnson v. N.D. Workforce Safety and Ins.,* 2012

ND 27, ¶ 20, 812 N.W.2d 467. Furthermore, they cite no relevant case law to support their constitutional arguments. Courts have routinely rejected vagueness challenges to catch-all provisions similar to N.D.C.C. § 15.1–12–05(4)(*o* ). *See, e.g., Posters 'N' Things, Ltd. v. United States,* 511 U.S. 513, 519, 525, 114 S.Ct. 1747, 128 L.Ed.2d 539 (1994) (statute for determining drug paraphernalia not unconstitutionally vague where statute listed eight objective factors that may be considered "in addition to all other logically relevant factors"); *Goins v. Goins,* 406 S.W.3d 886, 890 (Mo.2013) (statute authorizing award of attorney fees in domestic relations cases based on consideration of "all relevant factors" not unconstitutionally vague); *Pitmon v. State,* —— Nev. ——, 352 P.3d 655, 660 (Nev.Ct.App.2015) (statute allowing court to consider "any other relevant factor" in sentencing not unconstitutionally vague because " '[l]egislatures cannot create enough sentencing law to match the nuances of each crime and perpetrator, and thus they confer on their respective judiciaries some discretion in sentencing' " (internal citation omitted)); *State v. Hughbanks,* 1999 WL 1488933, *7 (Ohio Ct.App. Dec. 3, 1999) (claim that statute requiring consideration of "any other factors relevant" to whether defendant should be sentenced to death is unconstitutionally vague "has no merit"); *State v. Hatley,* 48 Or. App. 541, 617 P.2d 902, 905 (1980) ("A statutory scheme is not unconstitutionally vague merely because it provides for flexible agency determination.") In addition, we have said on many occasions " '[t]he Administrative Agencies Practice Act, Ch. 28–32, N.D.C.C., and the Legislature's ability to retract a delegation of authority provide adequate safeguards to deter arbitrary decision-making by [an agency], thus avoiding any question about an unconstitutional delegation of Legislative authority.' " *Cass Cty. Elec. Coop., Inc. v. N. States Power Co.,* 518 N.W.2d 216, 221 (N.D.1994) (internal citations omitted). Johnson and Vangsness have not established that N.D.C.C. § 15.1–12–05(4)(*o* ) is constitutionally infirm.

[¶ 18] We do not address other issues raised because they are either unnecessary to the decision or are without merit. We conclude the Board acted in accordance with the law, did not violate Johnson and Vangsness's constitutional rights or their rights to a fair hearing, and its decision is supported by a preponderance of the evidence.

III

[¶ 19] The judgment is affirmed.

[¶ 20] CAROL RONNING KAPSNER, LISA FAIR McEVERS, DANIEL J. CROTHERS and DALE V. SANDSTROM, JJ., concur.