2016 ND 56

**Audra D. WOODY, Plaintiff and Appellant,**

v.

**PEMBINA COUNTY ANNUAL FAIR AND EXHIBITION ASSOCIATION,** **Defendant and Appellee.**

No. 20150236.

Supreme Court of North Dakota.

March 15, 2016.

Thomas V. Omdahl (argued) and Clint D. Morgenstern (on brief), Grand Forks, ND, for plaintiff and appellant.

Daniel L. Gaustad (argued), Ronald F. Fischer (on brief) and John A. Olson (on brief), Grand Forks, ND, for defendant and appellee.

CROTHERS, Justice.

[¶ 1]   Audra Woody appeals after a district court granted summary judgment in favor of Pembina County Annual Fair and Exhibition Association. Woody argues the district court erred granting the Fair's motion for summary judgment. We affirm.

I

[¶ 2]   Woody attended a fireworks display at the Pembina County Fair in Hamilton, N.D. The Fair is a non-profit and tax-exempt corporation under the laws of North Dakota and the federal Internal Revenue Code. The Fair offered a fireworks display to the public free of charge. Woody did not pay a fee for entry onto the fairgrounds or for any activity she engaged in at the fairgrounds. While looking for a seat to watch the fireworks, Woody stepped on a rotten board in the grandstand, fell to the ground and suffered personal injuries. Woody sued the Fair alleging she sustained serious bodily injury due to the Fair's negligence and maintenance of the grandstand. The parties stipulated to the facts of the case and the Fair moved to dismiss the complaint, alleging no genuine issues of material fact existed. The district court granted summary judgment for the Fair, finding it was protected from liability by recreational use immunity under N.D.C.C. ch. 53-08. Woody appeals.

II

[¶ 3]   Woody argues the district court erred granting summary judgment because it misapplied North Dakota's recreational use immunity statutes. Woody alleges the Fair was not entitled to immunity because the Fair was engaged in commercial, rather than recreational purposes. This Court's review of a summary judgment is well established:

"In determining whether summary judgment was appropriately granted, we must view the evidence in the light most favorable to the party opposing the motion, and that party will be given the benefit of all favorable inferences which can reasonably be drawn from the record. On appeal, this Court decides whether the information available to the district court precluded the existence of a genuine issue of material fact and entitled the moving party to judgment as a matter of law. Whether the district court properly granted summary judgment is a question of law which we review de novo on the entire record."

*Hamilton v. Woll*, 2012 ND 238, ¶ 9, 823 N.W.2d 754 (quoting *Wenco v. EOG Resources, Inc.*, 2012 ND 219, ¶ 8, 822 N.W.2d 701).

[¶ 4] Generally, landowners have a duty to maintain their premises in a reasonably safe condition for lawful entrants. *Saltsman v. Sharp*, 2011 ND 172, ¶ 11, 803 N.W.2d 553. North Dakota's recreational use immunity statutes provide an exception for certain landowners who are protected from liability in an effort to encourage them to make their property available for recreational purposes. *Olson v. Bismarck Parks and Recreation Dist.*, 2002 ND 61, ¶ 6, 642 N.W.2d 864. "[A]n owner of land owes no duty of care to keep the premises safe for entry or use by others for recreational purposes ... or to give any warning of a dangerous condition, use, structure, or activity on such premises to persons entering for such purposes," subject to the provisions in N.D.C.C. § 53–08–05. N.D.C.C. § 53–08–02. This immunity has some exclusions and does not apply to landowners engaged in for-profit business ventures inviting members of the public onto their land "for commercial purposes." N.D.C.C. § 53–08–02. Section 53–08–03, N.D.C.C., provides in part:

"[A]n owner of land who either directly or indirectly invites or permits without charge any person to use such property for recreational purposes does not thereby:

1. Extend any assurance that the premises are safe for any purpose;

2. Confer upon such persons, or any other person whose presence on the premises is directly derived from those recreational purposes, the legal status of an invitee or licensee to whom a duty of care is owed other than a person that enters land to provide goods or services at the request of, and at the direction or under the control of, the owner; or

3. Assume responsibility for or incur liability for any injury to person or property caused by an act or omission of such persons."

[¶ 5] The interpretation of N.D.C.C. ch. 53–08 is a question of law, fully reviewable on appeal. *See In re G.R.H.*, 2006 ND 56, ¶ 15, 711 N.W.2d 587. "In interpreting statutes, the primary objective is to ascertain the intent of the legislation, and we first look to the statutory language to determine intent. Words in a statute are given their plain, ordinary, and commonly understood meaning unless defined by statute or unless a contrary intention plainly appears. N.D.C.C. § 1–02–02. Statutes are construed as a whole and are harmonized to give meaning to related provisions. N.D.C.C. § 1–02–07. If the language of a statute is clear and unambiguous, the letter of the statute must not be disregarded under the pretext of pursuing its spirit. N.D.C.C. § 1–02–05. If the language of a statute is ambiguous, however, a court may resort to extrinsic aids to determine the intent of the legislation, including the object sought to be attained, the circumstances

under which the legislation was enacted, and the legislative history. N.D.C.C. § 1–02–39. A statute is ambiguous if it is susceptible to different, rational meanings."

*Hale v. Ward County*, 2014 ND 126, ¶ 13, 848 N.W.2d 245 (internal citations omitted).

[¶ 6] Chapter 53–08, N.D.C.C., was substantially amended in 2011 after our decisions in *Leet v. City of Minot*, 2006 ND 191, 721 N.W.2d 398 and *Schmidt v. Gateway Community Fellowship*, 2010 ND 69, 781 N.W.2d 200. The amended language of N.D.C.C. § 53–08–03 applicable to this case unambiguously provides immunity for landowners inviting the public onto their land for recreational purposes but does not provide immunity to landowners opening their land for commercial purposes. Woody alleges the Fair was engaged in a commercial purpose and therefore was not protected from liability. The current amended version of N.D.C.C. § 53–08–01(2) provides that a landowner engages in a "commercial purpose" when inviting members of the public onto his property for normal business transactions, including buying and selling goods and services. " 'Commercial purpose' does not include the operation of public lands by a public entity except any direct activity for which there is a charge for goods or services." N.D.C.C. § 53–08–01(2). Woody stipulated the Fair is a public entity, it owns the fairgrounds and grandstand and that those areas are public lands operated solely for the Fair's non-profit and tax-exempt purposes.

[¶ 7] Because the parties agree the Fair is a public entity operating public lands, it is excluded from the definition of commercial purpose unless there is a "direct activity for which there is a charge for goods or services." *Id.* Section 53–08–01(1) defines "charge" as "the amount of money asked in return for an invitation to enter or go upon the land [but] does not include vehicle, parking, shelter, or other similar fees required by any public entity." Woody stipulated that she was not asked to pay any charge, and did not pay any charge for entry to the fairgrounds, to the grandstand area or to observe the fireworks display. However, Woody alleges the Fair's attendees, including herself, are indirectly subject to a "charge," which the Fair's vendors pay on the attendees' behalf. The amended statute provides a commercial purpose results from a "direct activity for which there is a charge for goods or services." N.D.C.C. § 53–08–01(2). Woody's theory that a fair vendor indirectly paid her admission to the fireworks display does not fit within the plain, ordinary meaning of the statutory words.

[¶ 8] Section 53–08–01(5), N.D.C.C., states "recreational purposes" include "any activity engaged in for the purpose of exercise, relaxation, pleasure, or education," and the language "should be interpreted to cover *all* recreational activities." *Leet v. City of Minot*, 2006 ND 191, ¶ 17, 721 N.W.2d 398 (emphasis in original). Woody was injured while looking for a seat to watch a fireworks display, which is a recreational activity under N.D.C.C. § 53–08–01(5). Other jurisdictions have come to similar conclusions. *See Caiazza v. Sheeley*, 1992 WL 310643, at *1 (Conn.Super.1992) ("*Ballentine's Law Dictionary*, 3rd Ed., defines 'Recreation' as 'Amusement, play or other form of relaxation, by way of refreshment of mind or body.' The use of a public park to enjoy the spectacular beauty of a fireworks display would certainly appear to come within that definition."). *See also Mason v. Berea Independent School Dist. Finance Corp.*, 2007 WL 2998510, at *2 (Ky.Ct.App.2007) ("Other jurisdictions have extended immunity ... property ... 'inextricably con-

nected' to the recreational activity.... Mason's action of walking in the parking lot provided for the fireworks display presents such a circumstance.") (internal citation omitted). The stipulated facts here establish the Fair is a public entity, the fairgrounds were public lands and Woody entered upon the land to watch fireworks free of charge. On this record, we conclude the Fair is protected by recreational use immunity under N.D.C.C. ch. 53–08.

### III

[¶ 9] Woody argues the Fair's board had a duty under N.D.C.C. § 53–03–05 to ensure the fairgrounds were safe. When a fair grants an application for a carnival, N.D.C.C. § 53–03–05(4), requires the fair's board to "[a]id in policing the carnival grounds and in otherwise compensating the municipality or association interested in such amount as may be determined...." This statute imposes a supervision requirement but does not impose a duty to ensure the premises are safe from all conditions. Woody was harmed by a hazardous condition in the grandstand. She does not allege she sustained harm from a failure to maintain adequate crowd control and N.D.C.C. § 53–03–05 does not apply. Section 53–08–02(1),

N.D.C.C., provides recreational use immunity "regardless of the location and nature of the recreational purposes and whether the entry or use by others is for their own recreational purposes or is directly derived from the recreational purposes of other persons." The supervision requirement imposed on fair boards under N.D.C.C. ch. 53–03 does not usurp recreational use immunity under N.D.C.C. ch. 53–08 for the grandstand condition at issue here.

### IV

[¶ 10] We affirm, concluding the district court did not err in granting summary judgment.

[¶ 11] GERALD W. VANDE WALLE, C.J., LISA FAIR McEVERS and CAROL RONNING KAPSNER, JJ., concur.

DALE V. SANDSTROM, J., concurs in the result.