2016 ND 163

**NEW PUBLIC SCHOOL DISTRICT # 8, Appellant**

v.

**STATE BOARD OF PUBLIC SCHOOL EDUCATION, Appellee**

**and**

**Kristi L. Gutierrez, Respondent.**

**No. 20160093.**

Supreme Court of North Dakota.

Aug. 17, 2016.

Amy L. De Kok (argued) and David R. Phillips (appeared), Bismarck, N.D., for appellant.

Christopher S. Joseph, Office of the Attorney General, Bismarck, N.D., for appellee.

SANDSTROM, Justice.

[¶ 1] New Public School District #.8 appeals from a judgment affirming the State Board of Public School Education's decision approving annexation of certain real properties to the Williston School District. New Public School District argues the State Board erred in approving the petition for annexation because the property to be annexed was not contiguous to the Williston School District before the petition was heard. We affirm.

I

[¶ 2] On January 21, 2015, the State Board approved annexation of property owned by Halliburton Energy Services to the Williston School District. The Halliburton property is adjacent or contiguous to the Williston School District. The annexation of the Halliburton property was to become effective on July 1, 2015.

[¶ 3] In February 2015, Kristi and Derek Gutierrez and Sharyn Silverio jointly petitioned to annex to the Williston School District their properties which were part of the New Public School District. At that time, neither the Silverio property nor the Gutierrez property was contiguous to the Williston School District. The Silverio property is adjacent to the Halliburton property, and the Gutierrez property is adjacent to the Silverio property. The Gutierrez family has two school-age children.

[¶ 4] On March 26, 2015, the Williams County Reorganization Committee held a hearing on the annexation petition. Kristi Gutierrez testified in support of the petition, and the superintendent of the New Public School District testified against it. After the hearing, the County Committee approved the petition, stating the children's distance to school, busing, inconvenience to the family, the parents' and students' wishes, and the parents' voting rights were all reasons supporting the annexation. The County Committee also noted annexation was the only way the

children would be able to attend the Williston School District.

[¶ 5] The Gutierrez–Silverio annexation petition was submitted to the State Board for final approval and a hearing was held on May 18, 2015. Kristi Gutierrez and the New Public School District superintendent testified. The State Board approved the petition, finding various relevant factors supported annexation, including that the Gutierrez family had been told their home was located in the Williston School District when they purchased the home, the home builder had said the children would attend the neighborhood school located in the Williston School District, there was no other way the children would be able to attend school in the Williston School District, annexation would allow the petitioners to vote and run for office in the Williston School District, and the Williston School District supported annexation. The State Board found the annexation petition met the statutory requirements of N.D.C.C. §§ 15.1–12–03 and 15.1–12–04, including that the property will be contiguous to the Williston School District on July 1, 2015, the effective date of annexation.

[¶ 6] New Public School District appealed the State Board's decision, arguing the annexation petition did not meet statutory requirements, because the subject property was not contiguous to the Williston School District before or at the time of the county committee hearing. The district court affirmed the State Board's decision.

[¶ 7] The district court had jurisdiction under N.D. Const. art. VI, § 8, and N.D.C.C. §§ 15.1–12–05(13), 27–05–06, and 28–32–42. New Public School District's appeal to this Court was timely under N.D.R.App.P. 4(a) and N.D.C.C. § 28–32–49. This Court has jurisdiction under N.D. Const. art. VI, §§ 2 and 6, and N.D.C.C. § 28–32–49.

## II

[¶ 8] The State Board is an administrative agency, and we review its decision as we review decisions by other administrative agencies. *In re Lewis & Clark Pub. Sch. Dist. # 161*, 2016 ND 41, ¶ 5, 876 N.W.2d 40. We review the agency's decision and the record compiled before the agency, rather than the district court's decision and findings. *Id.* The State Board's decision must be affirmed unless:

1. The order is not in accordance with the law.

2. The order is in violation of the constitutional rights of the appellant.

3. The provisions of [N.D.C.C. ch. 28–32] have not been complied with in the proceedings before the agency.

4. The rules or procedure of the agency have not afforded the appellant a fair hearing.

5. The findings of fact made by the agency are not supported by a preponderance of the evidence.

6. The conclusions of law and order of the agency are not supported by its findings of fact.

7. The findings of fact made by the agency do not sufficiently address the evidence presented to the agency by the appellant.

8. The conclusions of law and order of the agency do not sufficiently explain the agency's rationale for not adopting any contrary recommendations by a hearing officer or an administrative law judge.

N.D.C.C. § 28–32–46. In reviewing an agency's findings of fact, "we do not make independent findings of fact or substitute our judgment for that of the agency. We determine only whether a reasoning mind reasonably could have determined that the

factual conclusions reached were proved by the weight of the evidence from the entire record." *Power Fuels, Inc. v. Elkin,* 283 N.W.2d 214, 220 (N.D.1979).

## III

■ [¶ 9] New Public School District argues the State Board's decision ordering annexation is not in accordance with the law. New Public School District contends the petition did not meet statutory requirements for annexation because N.D.C.C. ch. 15.1–12 requires the property to be contiguous with the school district it would be annexed to when the petition for annexation is heard.

[¶ 10] Section 15.1–12–03, N.D.C.C., contains the eligibility requirements for annexation, stating:

Real property may be annexed to a school district provided:

1. The property to be annexed constitutes a single area that is contiguous to the school district;

2. The property to be annexed does not constitute an entire school district;

3. The annexation petition is signed by two-thirds of the qualified electors residing on the property to be annexed;

4. The annexation petition is filed with the county superintendent of schools whose jurisdiction includes the administrative headquarters of the district;

5. A public hearing is held by the county committee or the county committees, as required in section 15.1–12–05; and

6. The annexation petition is approved by the state board.

"Contiguous" means "two or more tracts of real property which share a common point or which would share a common point but for an intervening road or right of way."

N.D.C.C. § 15.1–12–01(2). Annexations become effective "on July first following final approval by the state board." N.D.C.C. § 15.1–12–06.

■ [¶ 11] Statutory interpretation is a question of law, which is fully reviewable on appeal. *Woody v. Pembina Cty. Annual Fair and Exhibition Ass'n,* 2016 ND 56, ¶ 5, 877 N.W.2d 70. We give words their plain, ordinary, and commonly understood meaning, unless a contrary intention plainly appears in the statute. N.D.C.C. § 1–02–02. "When the wording of a statute is clear and free of all ambiguity, the letter of it is not to be disregarded under the pretext of pursuing its spirit." N.D.C.C. § 1–02–05.

[¶ 12] Citing N.D.C.C. §§ 15.1–12–03 and 15.1–12–05(3), New Public School District argues N.D.C.C. ch. 15.1–12 requires that the property to be annexed be contiguous to the school district when the annexation petition is heard and not at some future date. New Public School District contends there is nothing in the statute allowing the State Board to consider previously approved, but not yet effective, annexations to establish contiguousness.

[¶ 13] We decline to adopt the New Public School District's interpretation. Section 15.1–12–03, N.D.C.C., states, "Real property may be annexed" provided the listed requirements have been met, including that the property to be annexed is contiguous to the school district. Under the plain language of the statute, the property must meet the listed requirements when the annexation occurs. Annexations do not become effective until July 1 following the State Board's approval of an annexation petition. N.D.C.C. § 15.1–12–06.

[¶ 14] New Public School District also argues N.D.C.C. § 15.1–12–05(3) requires the county committee to ensure the annexation eligibility requirements are met before hearing an annexation petition, includ-

ing that the property to be annexed is contiguous with the school district at that time. However, N.D.C.C. § 15.1–12–05(3) states that before the hearing on the petition, the county committee shall determine the number of qualified electors residing on the property to be annexed, ensure that two-thirds of the qualified electors have signed the petition, and "[e]nsure that all other statutory requirements regarding the petition have been met." The plain language of N.D.C.C. § 15.1–12–05(3) does not require all the eligibility requirements for annexation under N.D.C.C. § 15.1–12–03 to be met before the hearing; rather, it requires the county committee to ensure all statutory requirements regarding the petition have been met. The statutory requirements for the petition are contained in N.D.C.C. § 15.1–12–04, and do not include a requirement that the property be contiguous with the school district when the petition is filed.

[¶ 15] New Public School District argues contiguousness is required to prevent areas of a school district from being cut off from the rest of the school district and forming an "island" where a property in one school district is surrounded by properties in a different school district. The record does not establish that situation would occur in this case. Further, construing the statute to require that the property to be annexed be contiguous with the school district at the time of annexation prevents the formation of "islands."

[¶ 16] We conclude the plain language of N.D.C.C. § 15.1–12–03 is clear and unambiguous; the statutory eligibility requirements must be met at the time the annexation becomes effective. Here the Gutierrez and Silverio properties were not contiguous to the Williston School District before the petition was heard. However, the properties were contiguous to the Halliburton property, which was contiguous to the Williston School District, and annexation of the Halliburton property had previously been approved. The Halliburton property annexation became effective on July 1, 2015, which is also the date the Gutierrez and Silverio annexations became effective. Therefore, the property to be annexed in this case was contiguous to the Williston School District when it was annexed. We conclude the statutory requirements for annexation eligibility were met and the State Board did not misapply the law.

IV

[¶ 17] We have considered the remaining issues and arguments and find them to be without merit or unnecessary to our opinion. We affirm the judgment.

[¶ 18] GERALD W. VANDE WALLE, C.J., DANIEL J. CROTHERS, LISA FAIR McEVERS and CAROL RONNING KAPSNER, JJ., concur.